# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST SESSION, 1998

**FILED**

September 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9711-CR-00514** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **WILSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. O. BOND** |
| **FLOYD WAYNE SMITH, II,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF WILSON COUNTY

FOR THE APPELLANT:

GREGORY D. SMITH
One Public Square, Ste. 321
Clarksville, TN 37040

KAREN CHAFFIN
Assistant Public Defender
213 North Cumberland St.
Lebanon, TN 37087

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

TOM P. THOMPSON, JR.
District Attorney General

DAVID DURHAM
Assistant District Attorney General
111 Cherry Street
Lebanon, TN 37087

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant was convicted on a jury verdict of second degree murder. For this Class A felony offense, he was sentenced to serve twenty years in the Department of Correction as a Range I standard offender. He appeals the length of his sentence. We affirm the judgment of the trial court.

At approximately midnight on the evening of February 18, 1995, a fifteen-year-old high school sophomore was killed after a fight broke out among several individuals in a shopping center parking lot. The cause of death was a single stab wound to the victim's chest which penetrated his heart. Immediately prior to the killing, the group of young people gathered on the parking lot had been involved in some sort of an altercation. Although the evidence demonstrated that the Defendant inflicted the fatal knife wound to the victim, the Defendant argued that he acted in self defense. The jury rejected his defense and found him guilty of second degree murder as charged. After conducting a sentencing hearing, the trial judge sentenced the Defendant as a Range I standard offender to twenty years in the Department of Correction, which is a mid-range sentence for this Class A felony. It is from the length of the sentence imposed by the trial judge that the Defendant appeals.

When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is ?conditioned upon the affirmative

showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The presentence report reflects that at the time of sentencing the Defendant was twenty-one years old and unmarried. He dropped out of high school in the eleventh grade. The report referenced a history of alcohol and drug abuse. His rather brief employment history had been in construction work. His juvenile record consisted of adjudications for theft, destruction of property, being unruly, unauthorized use of emergency equipment, and violation of probation.

-3-

As a juvenile, he was committed to the Department of Youth Development, under whose custody he remained until he was discharged after his nineteenth birthday. At the time of his sentencing, burglary of an automobile and theft charges were pending against him in another county.

In sentencing the Defendant, the trial court found and applied as enhancement factors that the Defendant had a history of criminal convictions or criminal behavior, that the Defendant was a leader in the commission of the offense, that the offense was committed to gratify the Defendant's desire for pleasure or excitement, and that the Defendant possessed or employed a deadly weapon during the commission of the offense. Tenn. Code Ann. § 40-35-114(1), (2), (7), (9). The trial court found no mitigating factors applicable.

The Defendant argues that the trial court erred in setting his sentence at twenty years because the evidence does not establish that he was a leader in the commission of an offense involving two or more criminal actors. We disagree. We believe the record establishes that the Defendant and his companions proceeded to the parking lot that night looking for a fight. The Defendant let it be known to his companions that he was armed with a knife and indicated that he would use it if necessary. The Defendant stated that he "wondered what it felt like if someone got cut." Although it appears clear that the Defendant acted alone in stabbing and killing the victim, we cannot conclude that the trial judge erred in finding that the Defendant was a leader in the commission of an offense involving two or more criminal actors.

-4-

The Defendant also points out that the trial judge found the Defendant was not "remorseful" about his conduct and argues that the court improperly applied this finding as a "non-statutory" enhancement factor. Although the trial court was clearly concerned over the Defendant's apparent lack of remorse for killing the victim, we believe the record is clear that the court did not apply his lack of remorse as an enhancement factor. The court specifically found and applied only the four enhancement factors stated above.

The Defendant also argues that the trial court erred in failing to find and apply the following mitigating factors provided by Tenn. Code Ann. § 40-35-113: the Defendant acted under strong provocation; substantial grounds exist tending to excuse or justify the Defendant's criminal conduct, though failing to establish a defense; the Defendant, because of youth or old age, lacked substantial judgment in committing the offense; the Defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct; and the Defendant expressed remorse, cooperated with the authorities and withdrew from the fight once his "attackers" left him alone. See Tenn. Code Ann. § 40-35-113 (2), (3), (6), (11), (13). Based on our review of this record, we simply cannot conclude that the trial judge erred by not finding or applying any of these mitigating factors.

We are not persuaded that the trial judge erred or abused his discretion in setting the Defendant's sentence in the middle of the applicable range. The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE